## CONTINENTAL AUTOMOBILE INS CO v SCURRY et

Ohio Appeals, 2nd Dist, Greene Co
No. 344.   Decided May 21, 1931

Miller & Finney and Frank Johnson, of
Xenia, for Continental Automobile Ins. Co.
Marshall &,Marshall, of Xenia, for Scurry
et.

BY THE COURT

In brief it appears from the record that
the plaintiff in error issued a policy of in-
surance to Hannah Washington in con-
sideration of the payment of certain pre-
miums and the statement of certain ques-
tions of fact.   This insurance policy was
upon a Ford truck used in the grocery of
Hannah Washington and her husband, who
were engaged in the grocery business.   The
truck was used for the delivery of groceries
and other uses connected with said grocery.
The truck was being driven at the time in
question by Frank Parker who was an em-
ploye of the Washingtons.   On the 7th of
March, 1930 the driver of the truck in ques-
tion struck and injured one Thomas Scurry
who brought suit against said.Hannah and
Henry Washington for such injuries.   On
April 29, 1930 Scurry brought suit in the
Court of Common Pleas of Greene County
against the Washingtons.   On May 1, 1930
summons was served upon the Washingtons.
This summons was not forwarded to and
received by the insurance company as pro-
vided by the policy of insurance until May
29, 1930.   This was several days prior to
the answer day.   The insurance company
notified the Washingtons that it would not
defend the case.   Considerable corespond-
ence was passed between the counsel of the
insurance company and of the Washingtons
in regard thereto.   The question as to
whether this was forwarded within a rea-
sonable time was submitted to the jury for
its determination.   We think it sufficient,
to say that the summons was received by

the insurance company before answer day; that no effort was made to secure an extension of the time for answering and that no judgment was taken on this petition until July 25, 1930, almost sixty days after the summons was forwarded to the insurance company. We think the company not only expressly refused to defend this case, but had ample time in which to have made a defense had it so desired. Among other things it is claimed that the driver of this truck was on a mission of his own at the time of the accident, by taking certain boys to Springfield for the purpose of witnessing a basket ball game. He testified and there is considerable testimony in the record to support his statement that he was going to Springfield upon a mission of his employer' to get some fruit at the Amicon Brothers in Springfield. Some suggestion is made about a bottle of liquor having been found in this truck after the return of the truck from Springfield. There is no evidence in the record which would warrant the finding that any of these boys had any liquor at the time of the accident. The accident occurred in Xenia before starting upon the trip to Springfield. In the case of Scurry against Washington, judgment was rendered in the sum of $2500.00 in favor of Scurry against the Washingtons. It is upon this proceeding that suit is brought. Complaint is made in the petition about the failure to notify the insurance company promptly of the accident. This claim is not borne out by the evidence. The accident occurred on March 7, 1930. It appears that on March 10, 1930, a representative of the company called to see Mr. Scurry and secured data in reference to the accident. Shortly after an agent of the company from the general offices called to investigate the accident.

It is urged with considerable force that there was collusion in the securing of the original judgment for $2500.00 between Scurry, the plaintiff in that case, and the Washingtons. Upon an examination of the record we would not feel warranted in finding that such collusion existed.

Counsel for plaintiff in error complain of the refusal of the trial court to permit certain evidence offered it. Special complaint is made as to the cross examination of L. A. Davis on page 101 and elsewhere in the record where plaintiff in error sought to impeach Henry Washington by showing that he had stated that the boy, Parker, at the time in question was on a mission of his own to Springfield and not upon a mission for the partnership. The plaintiff in error, not the defendant in error, called Henry Washington, Hannah Washington and the boy, Parker. Plaintiff in error proved by some three or more witnesses that Harry Washington on the day in question gave this boy instructions to stay around the grocery and help Mrs. Washington and the girl employed therein with the work in the grocery until 3 or 4 o'clock in the afternoon and then go to Springfield to Amicon Brothers and get some fruit. Plaintiff in error having proven these facts by a number of witnesses, we do not see how it could be considered as prejudicial if erroneous that the witness, Davis, was not permitted to answer the question as to what Henry Washington stated upon some other occasion.

We have considered all the grounds of error urged by counsel for plaintiff in error but from an examination of the record and a consideration of the briefs we find nothing in the record which we consider prejudicial to plaintiff in error or which would warrant this court in reversing the judgment of the lower court. The judgment of the lower court will be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.